7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose AVALOS (92-2517); Pedro Linares (92-2547),
Defendants-Appellants.
 Nos. 92-2517, 92-2547.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 92-80196; Friedman, J.
 E.D.Mich.
 AFFIRMED.
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Jose Avalos and Pedro Linares appeal their convictions for conspiracy to possess with intent to distribute and to distribute cocaine. For the reasons which follow we affirm both convictions.
 
 
 2
 The evidence adduced at trial demonstrated that on March 5, 1992, Felix Borges and Victor Quillen, two known cocaine traffickers, went from Columbus, Ohio, to Detroit, Michigan, for the purpose of purchasing cocaine. They went first to defendant Linares's home, where Borges and Linares counted the money for the cocaine purchase, following which Linares led them to defendant Avalos's house at 2417 Lawndale. Borges and Linares went inside; after a few minutes, Borges came out and was subsequently arrested, along with Quillen, with 255 grams of cocaine. About two hours later, Avalos came out of the Lawndale house and was arrested; Avalos had no cocaine or contraband on his person, but had a driver's license showing 2417 Lawndale to be his residence. Some 40 minutes later, Julia Crespo and Carmen Suarez came out of the Lawndale house. They were stopped by the agents and found to be in possession of $5200, $400 of which was marked bills that had been given to Borges and Quillen in an undercover drug buy in Columbus, Ohio. A search warrant executed at the Lawndale house yielded 27 grams of cocaine wrapped in a rent receipt in name of Avalos's name showing his residence as the Lawndale address. Victor Quillen testified at trial, identifying Avalos as the source of the 255 grams of cocaine. The 255 grams of cocaine found in the possession of Borges and Quillen and the 27 grams of cocaine found in the Lawndale house had the same adulterating agent.
 
 
 3
 At Avalos's initial appearance in court on the conspiracy charge, Avalos's wife was present, having been arrested also. At that hearing and through an interpreter, Avalos said that his wife "knew nothing about it," and, "[She] had nothing to do with this. I am responsible for everything." These admissions were admitted at trial over the objection of Avalos. And at trial Quillen testified, over the objections of both Avalos and Linares, that three to four weeks prior to the March 5, 1992 transaction, he and Borges had driven to Detroit from Columbus for the purpose of purchasing cocaine. On that occasion, they had gone to Linares's house, had picked up Linares, and had driven to a bar where they met Avalos. Avalos, Borges, and Linares left the bar together and returned a short time later with cocaine. Borges and Quillen then drove back to Columbus with the drugs.
 
 
 4
 At trial, Avalos moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, but Linares did not. On appeal, Avalos claims first that the evidence at trial showed no more than his mere presence during the March 5 drug transaction, that his statement acknowledging responsibility was ambiguous and not independently corroborated, and that the district court therefore erred in denying his motion. He claims as well that the district court erred in allowing the government to present evidence of the earlier drug transaction because it was inadmissible under Federal Rule of Evidence 404(b) and constituted a variance from the indictment. Linares joins in Avalos's 404(b) assignment of error, and further claims that the evidence was insufficient to support his conviction.
 
 
 5
 None of these claims of error has merit. First, Avalos concedes that the evidence was sufficient to find the existence of the conspiracy. Where the conspiracy itself is established by the evidence, the defendant's connection to the conspiracy need only be slight, so long as it is sufficient to establish that connection beyond a reasonable doubt. See United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986). This is not a situation in which there is no evidence of the defendant's participation in that conspiracy except for his inculpatory statement, as was the case in United States v. Boxley, No. 91-81089 (E.D.Mich. Aug. 7, 1992). And the inculpatory statements made by Avalos were not out-of-court statements such as those in United States v. Pennell, 737 F.2d 521 (6th Cir.1984), cert. denied, 469 U.S. 1159 (1985), and Opper v. United States, 348 U.S. 84 (1954); rather these statements were volunteered during Avalos's initial appearance before the magistrate judge and after he had received a copy of the charges. Defendant Avalos's protestations that these statements were not made under oath does not change the fact that they were not out-of-court statements. We hold that defendant Avalos's statements made during the initial appearance were inherently trustworthy, that in any event they were corroborated by independent evidence, and that even without the evidence of the prior drug transaction there was sufficient evidence for a jury to find beyond a reasonable doubt that Avalos was part of the conspiracy.
 
 
 6
 Further, we hold that the evidence of the prior drug transaction was properly admitted even though it was not charged in the indictment. As in United States v. Passarella, 788 F.2d 377, 383 (6th Cir.1986), this evidence was not offered "for an improper purpose, such as to show criminal propensity; rather, the government offered this evidence for the 'legitimate purpose of showing the background and development of the conspiracy....' " Id. (quoting United States v. Magnano, 543 F.2d 431, 435 (2d Cir.1976), cert. denied, 429 U.S. 1091 (1977)). Admission of this evidence did not violate Rule 404(b); the prior transaction involved the same players and was sufficiently close in time to the conspiracy charged in the indictment that it was relevant both to the existence and the nature of that conspiracy.
 
 
 7
 Finally, we hold that defendant Linares, by failing to make any Rule 29 motion at trial, has waived review of the sufficiency of the evidence except for plain error. While Linares does not appear to concede, as his co-defendant Avalos did, that the evidence was sufficient to establish the existence of the conspiracy, we find that it clearly was. And just as clearly, a reasonable jury could have found that the two trips by Borges and Quillen to Linares's home, the counting of drug-purchase money in Linares's home, and Linares's activities with Quillen and Borges at the bar where they met Avalos for one drug transaction and at Avalos's home for another, were sufficient to connect Linares to the conspiracy.
 
 
 8
 Accordingly, the judgment of the district court as to both defendants is affirmed.